IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BULLSEYE INTERNATIONAL, L.L.C., )<br>d/b/a "HWP RIGGING," )<br>   )<br>   Plaintiff, )<br>   )<br>   v. )<br>   )<br>NATIONAL INTERSTATE INSURANCE )<br>COMPANY, )<br>   )<br><u>Serve *Registered Agent*</u>: )<br>CSC-Lawyers Incorporating Service Company )<br>221 Bolivar Street )<br>Jefferson City, Missouri 65101 )<br>   )<br>   Defendant. ) | Case No. 4:20CV-1351<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

Comes now plaintiff Bullseye International, LLC, and for its claim against defendant National Interstate Insurance Company, states as follow:

### The Parties

1. Plaintiff Bullseye International, LLC, d/b/a "HWP Rigging" (hereinafter "Plaintiff"), is a Missouri limited liability company which is organized in the state of Missouri, with its principal place of business in Missouri, and at all relevant times herein, conducted business in Missouri.

2. Defendant National Interstate Insurance Company (hereinafter "Defendant") is a foreign insurance corporation incorporated in Ohio, licensed by the State of Missouri to provide insurance in Missouri, with its principal place of business in Ohio.

1

## Jurisdiction and Venue

3. This Court has subject matter *diversity jurisdiction* under 28 U.S.C.§1332 because Plaintiff is a citizen of the State of Missouri, Defendant is a citizen of the State of Ohio, and the amount of the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4. Defendant entered into the insurance policy with Plaintiff upon which it sues upon herein in the state of Missouri, the property insured under the policy is located in Missouri, Defendant investigated the loss upon which Plaintiff sues in Missouri, and partially paid and partially refused to pay Plaintiff on its policy in Missouri. Defendant thereby purposefully availed itself of the privilege of conducting activities in Missouri, and thereby invoked the benefits and protections of the laws of the State of Missouri. Plaintiff's claim arises out of and relates to Defendant's activities in the state of Missouri and the exercise of personal jurisdiction by this Court over Defendant comports with fair play and substantial justice.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(1) in that the Defendant resides in this district under 28 U.S.C.§1391(d) because Defendant is subject to personal jurisdiction in this district and its contacts here would be sufficient to subject it to personal jurisdiction as if this district were a separate state. Venue is also proper in this judicial district pursuant to 28 U.S.C.§1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claim occurred in Jefferson County, Missouri.

General Allegations

6. In July 2019, Defendant issued and delivered to Plaintiff a Motor Carrier Coverage policy, numbered CRA 5500017 04, covering various property and conduct, which insurance policy was in effect from June 8, 2019 to June 8, 2020 (the "Policy"). A true copy of the Policy is incorporated by reference herein attached hereto, and labeled "Plaintiff's Exhibit 1."

7. Plaintiff paid all premiums in consideration for the Policy.

8. The Policy was in full force and effect on August 5, 2019, when the accident described hereinbelow occurred.

9. Plaintiff at all times relevant herein insured through Defendant a 2009 Kenworth Tractor and a 2016 Peterbilt Tractor, and two (2) Cozad trailers, which are all specifically covered and listed in the Policy for Motor Carrier Coverage, including but not limited to an endorsement of public liability coverage for bodily injury and property damage up to a limit of $1,000,000.00 per accident as required under Missouri Motor Carrier Regulation 7 CSR 265-10.030 and Federal Motor Carrier Safety Regulation 49 CFR § 387.7.

10. On August 5, 2019, plaintiff was transporting a Missouri permitted super-heavy load while operating as a "Motor Carrier" as such term is used in the Policy, Federaland Missouri regulations – consisting of a "push tractor" and a "pull tractor," transporting the two (2) Cozad trailers and their cargo situated upon them, which trailers were connected and operational as one cohesive trailer..

11. While transporting the foregoing cargo on Missouri Highway 30 in Jefferson County, Missouri (the "Highway"), the push tractor veered and swerved a

3

number of times, left the Highway surface, crashed into a Highway sign located off the shoulder, and eventually swerved back onto the Highway and overturned, causing the trailer to torque, breaking its welds, and to incur *substantial* damage.

12. While transporting the foregoing cargo and at the time of the foregoing accident, Missouri State Highway Patrol ("MSHP") cruisers were escorting the transport and, at the time of the incident, immediately took control of the accident scene.

13. The Missouri Department of Transportation ("MoDOT") was also dispatched to the site, given its jurisdiction over Motor Carriers as the official State of Missouri enforcement agency and local authority under the Federal Motor Carrier Safety Act ("FMCSA").

14. Defendant also dispatched its representatives to the accident site quickly after the incident was reported and proceeded to both investigate the scene and to direct and advise Plaintiff in its cooperation with the MSHP and MoDOT.

15. MSHP immediately closed the Highway and directed all Plaintiff's operations to allow for attendant inspections to ensue and to remediate the accident site so the Highway could be reopened as soon as possible.

16. MSHP and MoDOT continued to maintain control over all Plaintiff's equipment involved in the accident while a complete analysis and inspection of the site and equipment took place for purposes of accident reconstruction.

17. After conclusion of preliminary investigations by Defendant's representatives, MSHP, and MoDOT, MSHP then directed Plaintiff to remove the entire set of vehicles and equipment from the Highway without undue delay.

18. In an effort to ameliorate, mitigate and settle any future claims against Plaintiff under §304.155, RSMo., and in compliance with MSHP directives, Defendant's representatives consented to <u>all the following activities</u> by Plaintiff as a settlement of reasonably foreseeable claims which could and would be brought by the State of Missouri against Plaintiff under the foregoing statute *and* to prevent liabilities under §304.156, RSMo. and any claims filed pursuant to Sections 29 and 30 of the Motor Carrier Act of 1980:

-- up-righting and towing the unusable and *totaled* push-tractor to a nearby storage facility;

-- unloading the cargo from the trailers to allow for temporary repairs of the trailers;

-- temporary repairs of the trailers, including but not limited to straightening and welding of the trailer superstructure and installation of a push hitch so that the trailers could be removed from the State of Missouri property, *viz.,* the highway, without complete dismantling of same;

-- reloading the cargo on the temporarily repaired trailers;

-- clearing all equipment and debris from the highway; *and*

-- hiring a replacement push tractor, including hookup costs for pusher bar, with a paid driver, to push the temporarily repaired trailer with its cargo (as required by Missouri permit), to a wider area of the Highway also governed by MSHP and MoDOT.

19. In complying with MSHP and MoDOT directives, and with Defendant's consent, Plaintiff incurred the losses attached hereto, and set forth in "Plaintiff's Exhibit 2'" incorporated by reference herein," all of which losses are covered by the Policy.

20. Defendant paid a portion of such losses, in addition to charges paid to MoDOT for the repair of its damaged Highway sign, but have refused to pay the remainder.

## COUNT I – Breach of Contract

21. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 20 hereinabove as though fully set forth herein.

22. Defendant issued the Policy to Plaintiff which covered Plaintiff's losses as set forth hereinabove.

23. Plaintiff fully performed all conditions precedent under the Policy, including but not limited to payment of all premiums due.

24. Plaintiff demanded payment of its losses under the Policy and submitted its proof of loss to Defendant on July 20, 2020.

25. Defendant issued a denial letter to Plaintiff, entitled "Coverage Determination," dated September 4, 2020, denying coverage because Plaintiff's losses are not covered by the Policy's Physical Damage coverage parts.

26. Defendant failed to perform its obligations under the Policy, including but not limited to its obligations under the Liability Protection coverage part, and failed to fully pay for Plaintiff's losses as set forth hereinabove.

27. Plaintiff was thereby damaged in the amount of $77,040.02.

WHEREFORE, Plaintiff prays that this Court, after trial by jury, enter judgment against Defendant and in favor of Plaintiff in an amount to be determined at trial that is fair and reasonable, for prejudgment interest thereon, and for such other relief as is just and proper, but in an amount not less than $77,040.02; and for its costs incurred herein.

### COUNT II – Vexatious Refusal to Pay

28. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 27 hereinabove as though fully set forth herein.

29. This Complaint represents an action against defendant insurance company to recover for Plaintiff's losses under a Commercial Motor Carrier Coverage Policy, a policy containing accident and indemnity insurance.

30. Defendant has failed and refused to pay the total amount of the losses sustained by Plaintiff in accordance with the terms and provisions of the Policy beyond thirty (30) days after due demand therefor, and prior to the institution of this lawsuit.

31. Defendant's refusal to pay the total amount of the losses sustained by Plaintiff was without reasonable cause and excuse and was vexatious under Missouri law.

32. Pursuant to §375.296 RSMo. and/or §375.420 RSMo., Plaintiff is entitled to additional damages equal to twenty percent (20%) of the first One Thousand Five Hundred Dollars ($1,500.00) of the losses, and ten percent (10%) of the amount of losses in excess of One Thousand Five Hundred Dollars ($1,500.00), and reasonable attorney's fees for Defendant's vexatious refusal to pay.

WHEREFORE, Plaintiff prays that this Court, after trial by jury, enter its judgment against Defendant and in favor of Plaintiff in the additional amount as authorized by

§375.296 RSMo. and/or §375.420 RSMo., for prejudgment interest thereon, and for such other and further relief as is just and proper, including but not limited to Plaintiff's reasonable attorney's fees, litigation expenses, and for its costs incurred herein.

### COUNT III – Declaratory Judgment

33. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 32 hereinabove as though fully set forth herein.

34. Defendant has failed to adust and pay Plaintiff's losses in total, in contravention of the express language of the Policy.

35. There is a real and justiciable controversy between the parties over the extent to which the Policy provides accident, indemnity and/or liability coverage for damages, both direct and consequential, relating to Plaintiff's losses which it was required to pay as direct result of its settlement of reasonably foreseeable claims which could and would be brought by the State of Missouri against Plaintiff under under §304.155, RSMo. and/or §304.156, RSMo., and to prevent reasonable claims filed against Plaintiff pursuant to Sections 29 and 30 of the Motor Carrier Act of 1980.

36. Plaintiff is entitled to a judicial declaration that the Policy includes coverage for the foregoing payments made, and all losses incurred, by Plaintiff.

WHEREFORE, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant, for a judgment for an amount in excess of $75,000, the exact amount to be proven at trial, and an award of attorney's fees, litigation expenses and costs; and for such other and further relief as the Court may deem meet and proper under the circumstance.

<u>Demand for Jury Trial</u>

Plaintiff hereby demands trial by jury on all issues of fact and issues of law applied to the facts pled herein.

                                              UTHOFF GRAEBER BOBINETTE & BLANKE

                                              By:   /s/   Richard B. Blanke
                                                     Richard B. Blanke, #28675MO
                                                     906 Olive Street, Ste. 300
                                                     St. Louis, Missouri 63101
                                                     Phone: (314) 621-9550
                                                     Fax: (314) 621-2697
                                                     E-Mail:   rblanke@ugbblaw.com
                                                     *Attorneys for Plaintiff*